IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DARRELL JIBRIL HEIZMAN,** :
    **Plaintiff** : No. 1:20-cv-01565
 :
    **v.** : (Judge Kane)
 :
**DAUPHIN COUNTY PRISON, et al.,** :
    **Defendants** :

## MEMORANDUM

On August 31, 2020, pro se Plaintiff Darrell Jibril Heizman ("Heizman"), initiated the above-captioned case by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Dauphin County Prison, Jillian Cuffaro ("Cuffaro"), CO Marshall ("Marshall"), and Russell Hewitt ("Hewitt"). (Doc. No. 1.) Presently before the Court is a motion to dismiss filed by Defendants Dauphin County Prison and Cuffaro. (Doc. No. 12.) For the following reasons, the Court will grant the motion to dismiss.

### I.    BACKGROUND

In his complaint, Heizman alleges that he got into an altercation with an inmate named Gardener and another inmate sometime in 2018.[1] (Doc. No. 1 at 4.) The altercation began when Heizman was out of his cell cutting another inmate's hair. (Id. at 7.) The correctional officer assigned to the unit where Heizman was located left his post, which allowed Gardener and the other inmate to attack Heizman. (Id.) During the altercation, Heizman was stabbed twice in his shoulder. (Id.)

Following the altercation, Heizman was ordered to be moved to administrative custody, but he refused to comply with the order. (Id.) He was issued a misconduct citation as a result of

---

[1] Heizman states that he does not remember the date. (Doc. No. 1 at 4.)

his refusal to move to administrative custody and was then placed in a lockdown unit where he spent the next several months until his transfer out of Dauphin County Prison on May 6, 2019. (Id.)

Heizman also alleges that it was "common practice" in Dauphin County Prison for him to be shackled any time he was out of his cell, including during showers. (Id.) He alleges that he suffered "countless falls and abrasions" due to the shackles and could not bathe properly. (Id.) The medical unit was never called to treat any of his falls, with staff in the prison instead simply telling him to "be more careful" as they laughed. (Id.)

Finally, Heizman alleges that "each time" he attempted to file a grievance "in regards to what was going on," Defendant Hewitt told Heizman to drop the grievance or the block counselor, Defendant Cuffaro, would "misplace" the grievance. (Id.) Heizman asserts that this led to his complaints not reaching the proper authorities in the prison. (Id.) The complaint raises legal claims of negligence, failure to protect Heizman from physical harm from other inmates, retaliation, cruel and unusual punishment, and "abuse of power." (Id.)

Defendants Dauphin County Prison and Cuffaro waived service of process on October 1, 2020, (see Doc. No. 9), and moved to dismiss the complaint on November 2, 2020. (See Doc. No. 12.) Defendants Marshall and Hewitt have not been served with process and accordingly have not responded to the complaint. Heizman filed a motion to "rebuke" the Defendants' motion to dismiss on November 18, 2020. (Doc. No. 14.) The parties have since briefed the motion to dismiss, and it is ripe for the Court's disposition. (Doc. Nos. 17, 29-30.)

II.     LEGAL STANDARDS

    A.     **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible. See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to

3

state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the Court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106).

### B. Section 1983 Standard

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id.  "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors."  See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)).  To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States.  See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

### III.  DISCUSSION

Moving Defendants' motion raises several arguments for dismissal, including: lack of personal involvement by Defendant Cuffaro; failure to allege deliberate indifference to a risk of serious harm; failure to state a municipal liability claim upon which relief may be granted; failure to state a retaliation claim upon which relief may be granted; failure to state a negligence claim upon which relief may be granted; and qualified immunity.  (Doc. No. 17).  The Court analyzes Defendants' arguments below.  Because the Court concludes that the complaint fails to allege Defendant Cuffaro's personal involvement and that Defendant Dauphin County Prison is not subject to suit under Section 1983, the Court will dismiss the claims against Moving Defendants without considering their other arguments for dismissal.

#### A.  Personal Involvement

The Court will first address Moving Defendants' argument that the complaint fails to allege personal involvement by Defendant Cuffaro.  To state a § 1983 claim upon which relief may be granted, a plaintiff must allege that the defendant was personally involved in the alleged violation of the plaintiff's rights.  See Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir.

5

2018).  Allegations of personal involvement cannot be based solely on a theory of respondeat superior.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Moving Defendants argue that Heizman's claims against Defendant Cuffaro should be dismissed because the only allegation pertaining to Cuffaro is that Defendant Hewitt told Heizman that Cuffaro would deliberately misplace Heizman's grievances.  (Doc. No. 17 at 9-11.)

Moving Defendants are correct.  Although the complaint alleges that Hewitt said that Cuffaro would misplace grievances, there is no allegation that Cuffaro actually misplaced any grievances, that she directed Hewitt to make such a statement, or that she was aware of Hewitt making such a statement.  There are also no allegations in the complaint that Cuffaro was personally involved in the incident in which Heizman was assaulted by two other inmates or that she was personally involved in the situations in which Heizman was shackled outside of his cell.  Accordingly, dismissal of the claims against Cuffaro is appropriate for failure to allege personal involvement.

**B.    Claims Against Dauphin County Prison**

Moving Defendants argue that Dauphin County Prison is not an entity that is subject to suit under Section 1983.  (Id. at 15.)  Moving Defendants additionally argue that, even if the claims are construed as claims against Dauphin County, they should be dismissed for failure to state a municipal liability claim upon which relief may be granted.  (Id. at 15-17.)

Section 1983 allows a plaintiff to bring suit against any "person" who violates the plaintiff's constitutional rights while acting under color of state law.  See 42 U.S.C. § 1983.  Thus, a plaintiff must establish that a defendant is a "person" for the purposes of Section 1983 in order to bring a claim against that defendant.  See Karns v. Shanahan, 879 F.3d 504, 519 (3d Cir. 2018).  County prisons are not persons subject to liability under Section 1983.  See Edwards v.

6

Northampton County, 663 F. App'x 132, 136 (M.D. Pa. 2016); Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013); Armstrong v. Dauphin Cty. Prison, No. 1:20-CV-1282, 2021 WL 229610, at *1 (M.D. Pa. Jan. 22, 2021). Accordingly, the Court will dismiss all claims against Defendant Dauphin County Prison because it is not a person subject to suit under § 1983.

### C. Leave to Amend

Courts are cautioned that because of the applicable pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendment in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id. The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, the Court cannot conclude that it would be futile or prejudicial to permit Heizman to file an amended complaint against Defendant Cuffaro that corrects the deficiencies identified herein. The Court will accordingly grant leave to amend his claims against Defendant Cuffaro. Heizman is advised that the amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed. The amended complaint should set forth

Heizman's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Each paragraph should be numbered.  It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts that he claims violated his rights.  Mere conclusory allegations will not set forth a cognizable claim.  Amendment will not be permitted as to Heizman's claims against Defendant Dauphin County Prison, because Dauphin County Prison is not a person subject to suit under § 1983.  See, e.g., Edwards, 663 F. App'x at 136.

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant Moving Defendants' motion to dismiss, (Doc. No. 12), but grant Heizman leave to amend his claims against Defendant Cuffaro.  In light of the Court's decision to grant the motion to dismiss, the Court will deny Plaintiff's motion to "rebuke" the motion to dismiss.  (Doc. No. 14).  An appropriate Order follows.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania