IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRELL JIBRIL HEIZMAN,** | : | |
| Plaintiff | : | No. 1:20-cv-01565 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **JILLIAN CUFFARO,** | : | |
| Defendant | : | |

## MEMORANDUM

This is a prisoner civil rights case in which pro se Plaintiff Darrell Jibril Heizman ("Heizman") alleges that Defendant Jillian Cuffaro ("Cuffaro") violated his right to due process under the Fourteenth Amendment by failing to protect him from an assault when he was a pretrial detainee in Dauphin County Prison. Presently before the Court is Cuffaro's motion for summary judgment and motion to quash several discovery requests that Heizman sent after the close of fact discovery. (Doc. Nos. 72, 87.) For the following reasons, the Court will grant both motions and close this case.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On August 31, 2020, Heizman initiated this case through the filing of a complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) The complaint asserted claims of negligence, failure to protect Heizman from physical harm from other inmates, retaliation, cruel and unusual punishment, and "abuse of power." (Id.) Defendants Dauphin County Prison and Cuffaro moved to dismiss the complaint on November 2, 2020. (Doc. No. 12.) Defendants Marshall and Hewitt were not initially served with process and accordingly did not respond to the original complaint. On September 23, 2021, the Court granted the motion to dismiss, dismissed the claims against Dauphin County Prison with prejudice, dismissed the claims against Cuffaro without prejudice, and granted Heizman leave to file an amended complaint. (Doc. Nos. 32–33.)

By separate Order, the Court also ordered Heizman to show cause as to why his claims against Marshall and Hewitt should not be dismissed for lack of service pursuant to Federal Rule of Civil Procedure 4(m).  (Doc. No. 34.)  In response to the Court's Orders, Heizman filed an amended complaint, two motions for extension of time to amend his complaint, and a response to the show-cause Order.  (Doc. Nos. 35–38.)  In his response to the show-cause Order, Heizman requested that the Court extend the deadline for Marshall and Hewitt to be served but did not provide addresses for Marshall or Hewitt or any information that could be used to obtain addresses for them.  (Doc. No. 38.)

The Court addressed Heizman's response on October 22, 2021.  (Doc. No. 39.)  The Court acknowledged Heizman's request that the deadline for service of process be extended as to Marshall and Hewitt, but noted that Heizman's amended complaint had not actually named Marshall and Hewitt as defendants and instead had only named Cuffaro as a defendant.  (Id. at 2.)  Nevertheless, the Court sua sponte granted Heizman leave to file a second amended complaint given that Heizman's filings could have been liberally construed as requesting such relief and that the Court's prior order may have caused Heizman confusion as to what he was expected to plead in his amended complaint.  (Id. at 2–4.)  The Court accordingly ordered that Heizman could file a second amended complaint on or before November 22, 2021, and deferred ruling on whether Marshall and Hewitt would be served with process until Heizman filed a second amended complaint that named them as defendants.  (Id. at 4.)

Heizman filed a second amended complaint on November 8, 2021, which the Court received and docketed on November 17, 2021.  (Doc. No. 40.)  The second amended complaint, which remains Heizman's operative pleading, names only Cuffaro and Hewitt as defendants.

(Id.)  Cuffaro and Hewitt moved to dismiss the second amended complaint on November 22, 2021 and April 14, 2022, respectively.  (Doc. Nos. 42, 57.)

The Court resolved the motions to dismiss on June 1, 2022.  (Doc. Nos. 60–61.)  The Court granted Hewitt's motion to dismiss and granted in part and denied in part Cuffaro's motion to dismiss, allowing the case to proceed solely as to Heizman's deliberate indifference claim against Cuffaro arising from Cuffaro's alleged failure to protect Heizman from an assault by another inmate in 2018.  (Id.)

Cuffaro filed an answer to the second amended complaint on June 13, 2022.  (Doc. No. 62.)  Fact discovery closed in the case on January 31, 2023.  (Doc. No. 69.)  Following the close of discovery, Cuffaro filed the instant motion for summary judgment on March 31, 2023.  (Doc. No. 72.)  Cuffaro filed a statement of material facts in connection with the motion on March 31, 2023, and a brief in support of the motion for summary judgment on April 14, 2023.  (Doc. Nos. 73, 75.)  Cuffaro argues that she should be granted summary judgment because Heizman failed to exhaust administrative remedies with respect to his deliberate indifference claim and because Heizman cannot come forward with any evidence to support the deliberate indifference claim.  (Doc. No. 75.)

Heizman did not formally respond to the motion for summary judgment, but he filed a "proposed objection" to the motion.  (Doc. No. 80-1.)  The Court will liberally construe the "proposed objection" as a brief in opposition to the motion for summary judgment.  Heizman argues that the motion for summary judgment should be denied without prejudice until he has been allowed to complete more discovery.  (Id.)  He additionally argues that he should be deemed to have exhausted administrative remedies because Dauphin County Prison's grievance

3

procedure was functionally unavailable to him and that the motion for summary judgment should be denied because genuine disputes of material fact preclude summary judgment. (Id.)

On July 25, 2023, Heizman filed on the docket of this a request for production of documents, a request for interrogatories, and a request for admissions of fact that were addressed to Cuffaro. (Doc. Nos. 82–84.) On August 24, 2023, Cuffaro moved to quash all three requests as untimely because the motions were filed approximately six months after the close of fact discovery. (Doc. No. 89.) Briefing on the motion for summary judgment and motion to quash is complete and both motions are ripe for judicial resolution.

## II.   MATERIAL FACTS[1]

Heizman's claim against Cuffaro alleges deliberate indifference to a serious risk of harm to Heizman. The relevant portion of Heizman's second amended complaint alleges that Heizman

---

[1] This section will not address facts pertaining to whether Heizman exhausted administrative remedies with respect to his claim against Cuffaro because, as discussed below, the Court finds that Cuffaro is entitled to summary judgment on the merits of Heizman's claim. Although exhaustion of administrative remedies is ordinarily resolved before the merits of a plaintiff's claims, see, e.g., Small v. Camden County, 728 F.3d 265, 271 n.5 (3d Cir. 2013), exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA") is "non-jurisdictional" in nature. See Rinaldi v. United States, 904 F.3d 257, 265 (3d Cir. 2018). Nonjurisdictional rules do not limit courts' "adjudicatory authority"; rather they "govern how courts and litigants operate within those bounds." See Santos-Zacaria v. Garland, 598 U.S. 411, 416 (2023) (citing Kontrick v. Ryan, 540 U.S. 443, 455 (2004)). Thus, courts may proceed to the merits without deciding whether a plaintiff has satisfied a nonjurisdictional exhaustion rule. See id. (indicating that because exhaustion rules are typically nonjurisdictional in nature, litigants are not required to "slog through preliminary nonjudicial proceedings even when . . . a court finds it would be pointless, wasteful, or too slow" as they would be if exhaustion rules were treated as jurisdictional); Jaludi v. Citigroup & Co., 57 F.4th 148, 151 (3d Cir. 2023) ("To be sure, violations of a nonjurisdictional procedural requirement often end in dismissal. But because they do not deprive us of jurisdiction, we can sometimes overlook or excuse them." (internal citations omitted)). Here, the Court has determined that resolving the merits of Cuffaro's motion for summary judgment without deciding whether Heizman has exhausted administrative remedies advances the interest of judicial economy. Nothing in the Court's opinion shall be construed as a finding that Heizman has exhausted administrative remedies.

was stabbed twice in 2017 during an altercation with other inmates on the B-Block of Dauphin County Prison.[2]  (Doc. No. 40 at 4.)  After the assault, Cuffaro returned Heizman to B-Block despite allegedly being aware that one of the inmates who had assaulted Heizman in 2017 had a codefendant who was housed in B-Block.  (Id.)  Heizman was purportedly placed in the same dayroom as the codefendant.  (Id.)  Heizman was in the dayroom for "30 seconds" before the codefendant allegedly attacked Heizman from behind.  (Id.)  Cuffaro asserts that Heizman has not produced any evidence to support his deliberate indifference claim and that she is entitled to summary judgment on that basis.  (Doc. Nos. 73, 75.)

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) requires the Court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  See Fed. R. Civ. P. 56(a).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).  A disputed fact is "material" if proof of its existence would affect the outcome of the case under applicable substantive law.  See id. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992).  A dispute of material fact is "genuine" if the evidence is such that a reasonable

---

[2] Cuffaro's statement of material facts does not address the substance of Heizman's claim against Cuffaro other than stating that Heizman cannot come forward with any evidence to support the claim.  (Doc. No. 73.)  The Court includes the factual allegations from Heizman's second amended complaint to aid the reader's understanding of the nature of Heizman's claim against Cuffaro.  Nothing in this section shall be construed as a finding that the facts alleged in the second amended complaint are undisputed.

jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 257; Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1287–88 (3d Cir. 1991).

When determining whether there is a genuine dispute of material fact, the Court must view the facts and all reasonable inferences in favor of the nonmoving party.  See Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consol. Rail Corp., 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988).  To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings.  When the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence that demonstrates the absence of a genuine dispute of material fact, the nonmoving party is required to go beyond his pleadings with affidavits, depositions, answers to interrogatories, or the like in order to demonstrate specific material facts that give rise to a genuine dispute.  See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts."  See Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986).  When Rule 56 shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case that it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  See Celotex, 477 U.S. at 323; see also Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992).

In determining whether a dispute of material fact exists, the Court must consider the evidence in the light most favorable to the nonmoving party.  See White, 862 F.2d at 59.  However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts,

responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." See L.R. 56.1. The Rule further requires the inclusion of references to the parts of the record that support the statements. See id.

A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a pro se litigant. These rules apply with equal force to all parties. See Sanders v. Beard, No. 09-cv-01384, 2010 WL 2853261, at *5 (M.D. Pa. July 20, 2010) (stating that pro se parties "are not excused from complying with court orders and the local rules of court"); Thomas v. Norris, No. 02-cv-01854, 2006 WL 2590488, at *4 (M.D. Pa. Sept. 8, 2006) (explaining that pro se parties must follow the Federal Rules of Civil Procedure).

## IV.  DISCUSSION

### A.  Additional Discovery

The Court will first address Heizman's argument that the motion for summary judgment should be denied without prejudice to allow Heizman to obtain more discovery documents. Heizman argues that "his limited discovery requests would prove a dispute to a genuine issue of material fact, that he was assaulted in 2018, and it happened due to Defendant's failure to protect him." (Doc. No. 80-1 at 5.) Although Heizman does not explain what discovery he is seeking, the Court liberally construes the request for additional discovery as referring to the request for production of documents, the request for interrogatories, and the request for admissions that Heizman sent to Cuffaro and filed on the docket of this case after the filing of the motion for summary judgment. See (Doc. Nos. 82–84).

7

Federal Rule of Civil Procedure 56(d) allows district courts to grant additional time for discovery if the party opposing summary judgment shows that he "cannot present facts essential to justify [his] opposition" to the motion. To show that additional discovery is needed, the party must state: (1) that he needs additional discovery; (2) what material facts he hopes to uncover through additional discovery; and (3) why he has not obtained the information sought through previous discovery requests. See Dinnerstein v. Burlington Cnty. College, 764 F. App'x 214, 217 n.1 (3d Cir. 2019) (unpublished) (citing Radich v. Goode, 886 F.2d 1391, 1393–94 (3d Cir. 1989)). The decision of whether to permit additional discovery is left to the discretion of the district court. See Woloszyn v. County of Lawrence, 396 F.3d 314, 324 n.6 (3d Cir. 2005) (citing Bradley v. United States, 299 F.3d 197, 206 (3d Cir. 2002)).

The Court will deny Heizman's request for additional discovery. The discovery deadline in this case expired on January 31, 2023, see (Doc. No. 69), and Heizman has not explained why he failed to obtain the requested discovery prior to that deadline. Heizman has also not stated what material facts he hopes to uncover through the additional discovery requests other than speculating that the additional discovery would create an unspecified "dispute to a genuine issue of material fact." (Doc. No. 80-1 at 5.) Heizman has therefore failed to make a sufficient showing that additional discovery is needed. See Dinnerstein, 764 F. App'x at 217 n.1.

The Court will also grant Cuffaro's motion to quash Heizman's pending discovery requests. (Doc. No. 87.) Heizman signed the requests on July 16, 2023, approximately six months after the close of discovery, see (Doc. Nos. 69, 82–84), and he has not moved to extend the discovery deadline or otherwise explained why the untimely discovery requests should be permitted. Accordingly, the requests for additional discovery will be denied, the motion to quash

will be granted, and the Court's analysis shall proceed to the merits of Cuffaro's motion for summary judgment based on the record that is presently before the Court.

**B.     Merits**

Heizman's deliberate indifference claim against Cuffaro is grounded in the Due Process Clause of the Fourteenth Amendment because Heizman was a pretrial detainee at the time of the alleged incident. See (Doc. No. 40). Fourteenth Amendment failure to protect claims are governed by the same substantive standard as failure to protect claims asserted pursuant to the Eighth Amendment. See Thomas v. Cumberland County, 749 F.3d 217, 223 n.4 (3d Cir. 2014) (citing A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 579 (3d Cir. 2004)). Thus, under the Fourteenth Amendment, a prisoner "has a valid failure-to-protect claim if the prison official shows 'deliberate indifference to a substantial risk of serious harm to an inmate.'" See id. (quoting Farmer v. Brennan, 511 U.S. 825, 828 (1994)). When the plaintiff's deliberate indifference claim is based on the risk of an assault by another inmate, the plaintiff must show that the defendant was aware of a specific risk that the other inmate would assault the plaintiff, and not simply a general risk that an assault might occur. See Bistrian v. Levi, 696 F.3d 352, 371 (3d Cir. 2012) (quoting Farmer, 511 U.S. at 833), abrogated in nonrelevant part as recognized by Mack v. Yost, 968 F.3d 311, 319 n.7 (3d Cir. 2020).

Cuffaro argues that Heizman cannot produce any evidence to support his deliberate indifference claim against her because he did not request any discovery prior to the discovery deadline and therefore cannot rely on anything other than the allegations in his second amended complaint to prove his claim. (Doc. No. 75 at 10–12.) Heizman has not refuted this argument and has not produced any evidence to support his claim. See (Doc. No. 80-1.)

9

The Court will grant Cuffaro's motion for summary judgment. Under the Supreme Court's decision in Celotex, Cuffaro may satisfy her burden to show that there are no genuine disputes of material fact "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." See Celotex, 477 U.S. at 325. Federal Rule of Civil Procedure 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." See id. at 322. "In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 322–23 (internal quotation marks omitted).

Heizman has failed to show that he has any evidence to support his deliberate indifference claim against Cuffaro. Heizman's second amended complaint alleges that Cuffaro was deliberately indifferent to a risk of harm when she transferred Heizman to the same housing block as a codefendant of an inmate who had previously assaulted Heizman, but Heizman has not produced any evidence at the summary judgment stage to show that Cuffaro was aware of a specific risk that the codefendant would assault Heizman. This absence of supporting evidence is fatal to his claim. See Bistrian, 696 F.3d at 371 (noting that failure to protect claim requires proof that defendant was aware of specific risk that assailant would assault plaintiff). Accordingly, the Court will grant Cuffaro's motion for summary judgment and will not address Cuffaro's alternative argument that Heizman failed to exhaust administrative remedies.

## V. CONCLUSION

For the foregoing reasons, the Court will grant Cuffaro's motion for summary judgment (Doc. No. 72) and close this case. An appropriate Order follows.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania